| ERIC SMITH, | ) |
|  | ) |
| Movant, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Respondent. | ) |

No. 4:06-CV-56-SNL

## MEMORANDUM AND ORDER

This matter is before the Court on review of movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Movant pleaded guilty to violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of firearm), and on January 24, 2003, he was sentenced to seventy months imprisonment followed by thirty-six months of supervised release. Movant did not file a notice of appeal.

## I. Motion to Vacate

Movant alleges that his conviction and sentence are invalid under the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) (application of federal Sentencing Guideline provisions mandating that district court impose sentence based on findings of additional facts determined by using preponderance of evidence standard violates Sixth Amendment). Specifically, he asserts that Booker created new, substantive law, and thus, must be applied retroactively to cases on collateral review. Alternatively, movant asserts that Booker and Blakely

v. Washington, 542 U.S. 296 (2004) implicate fundamental fairness under the second exception for

watershed rulings set forth in Teague v. Lane, 489 U.S. 288 (1989).

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts

provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the

movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2255 now provides:

A 1-year period of limitation shall apply to a motion under this section. The
limitation period shall run from the latest of--

(1) the date on which the judgment of conviction
becomes final;
(2) the date on which the impediment to making a
motion created by governmental action in violation
of the Constitution or laws of the United States is
removed, if the movant was prevented from making a
motion by such governmental action;
(3) the date on which the right asserted was initially
recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or
(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. §

2255(1) and is subject to summary dismissal. At the latest, movant's one-year limitations period

began to run on February 4, 2003, which was when his time for filing a notice of appeal expired.

The instant motion, however, was filed on January 12, 2006, well after the running of the one-year

2

limitations period.

Movant argues that his motion is timely under § 2255(3), because the Supreme Court's decision in Booker announced a new rule that is retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his § 2255 motion. Alternatively, movant claims that Booker and Blakely constitute watershed rulings under Teague.

Movant's arguments are without merit. In Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005), the Eighth Circuit Court of Appeals held that the rule in Booker was a criminal procedural rule, not of watershed magnitude, and did not apply retroactively to cases on collateral review. Moreover, in Dodd v. United States, 125 S.Ct. 2478, 2482 (2005), the Supreme Court held that the one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. Blakely was decided in 2004; however, the instant motion was not filed until January 12, 2006. Last, in United States v. Moss, 252 F.3d 993 (8th Cir. 2001), the Eighth Circuit held that Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) was not of watershed magnitude, and that the Supreme Court's holding in Teague barred the retroactive application of an Apprendi claim on collateral review. Similar reasoning prevents Blakely from being applied retroactively in the instant case.

Movant has not asserted any facts indicating that equitable tolling applies in this case. See Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999) (equitable tolling is proper when "extraordinary circumstances" beyond prisoner's control makes it impossible to file timely habeas action).

3

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DENIED**, without prejudice, as time-barred.

An appropriate order will accompany this memorandum and order.

Dated this _7__ day of ___February___, 2006

**SENIOR UNITED STATES DISTRICT JUDGE**